UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM and FRANCISCA CASTILLO,<br><br>        Plaintiffs,<br>v.<br>ING DIRECT, *et al*.<br>        Defendants. | Civil No. 09cv2555-L(JMA)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; (2) DENYING WITHOUT PREJUDICE MOTION TO STRIKE; AND (3) DENYING WITHOUT PREJUDICE MOTION TO EXPUNGE *LIS PENDENS*** |

This action to rescind two residential real estate loans was removed from state court based on federal question jurisdiction. Defendants ING Direct, ING Bank, FSB ("ING Bank") and MTC Financial, Inc. dba Trustee Corps (collectively the "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to strike pursuant to Rule 12(f) and a motion to expunge *lis pendens*, which Plaintiffs opposed. For the reasons which follow, the Moving Defendants' motion to dismiss is **GRANTED IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND**. Their motions to strike and to expunge *lis pendens* are **DENIED WITHOUT PREJUDICE**.

Plaintiffs allege they owned a residence located at 1274 Alondra Avenue in Chula Vista, California ("Property"), which was their primary residence. (Compl. at 2.) In April 2007 they refinanced it with a loan from ING Bank, secured by a first deed of trust on the Property, and another loan from Defendant Citibank, N.A. ("Citibank"), secured by a second deed of trust on

the Property. (*Id.* at 2-3; *see also* Request for Judicial Notice Ex. A at 1.)[1] The loan obtained from ING Bank was for approximately $560,000. (Ex. A at 1.) On March 12, 2009 a notice of default was recorded. (Ex. B.) On September 23, 2009 a Notice of Trustee's Sale was recorded indicating that the sale would take place on October 15, 2009. (Ex. D.) The property was foreclosed and a Trustee's Deed upon Sale was recorded on November 13, 2009. (Ex. E.)

Plaintiffs claim that the loan was induced through Defendants' intentional misrepresentation and constructive fraud, that Defendants breached their fiduciary duties and the covenant of good faith and fair dealing implied in the agreements between Plaintiffs and Defendants, that Defendants negligently extended the loans to Plaintiffs, that they violated California Civil Code Sections 2923.5 and 2923.6, California Financial Code Sections 4970 *et seq.*, California Business and Professions Code Section 17200 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECRA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602, 1604, 1610, 1639-1641 & 1647-1648 ("HOEPA"), the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiffs seek damages, rescission of the loans, declaratory relief, accounting and to quiet title to the Property.

The Moving Defendants filed a motion to dismiss all causes of action for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

---

[1] A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In their opposition to motion to dismiss, Plaintiffs conceded that the claims for negligence and violations of California Civil Code Sections 2923.5 and 2923.6, California Financial Code Section 4970 *et seq.*, ECRA and FCRA should be dismissed. Accordingly, the Moving Defendants' motion is **GRANTED** with respect to the seventh, eighth, ninth, thirteenth, fifteenth and sixteenth causes of action. These causes of action are hereby **DISMISSED WITH PREJUDICE**.

Moving Defendants argue, among other things, that the eleventh cause of action based on TILA and HOEPA violations is time barred. The applicable statute of limitations for HOEPA violations as well as damage claims under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Because the transaction was consummated in April 2007 and this action was filed in October 2009, the Moving Defendants argue that the statute of limitations has expired. In their opposition, Plaintiffs contend that equitable tolling applies in this case. In the complaint they alleged that they did not discover the violations until 2009. (Compl. at 4.) "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc.*

*v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred.  *See Supermail Cargo*, 68 F.3d at 1206-07.  Because Plaintiffs alleged facts which support the inference that the statute of limitations was equitably tolled, the Moving Defendants' argument is rejected.

Plaintiffs assert various HOEPA and TILA violations against ING Bank and Citibank. However, they do not specify which of the two Defendants violated the statutes – whether it was the creditor in the first or the second deed of trust or both.  Plaintiffs therefore do not allege sufficient facts to meet the notice pleading requirements of Rule 8(a)(2) of Federal Rules of Civil Procedure.  Although Rule 8 does not require that the complaint include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to infer the existence of a claim for relief.  *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009).  Plaintiff's complaint falls short of this requirement.  Accordingly, the Moving Defendants' motion to dismiss the eleventh cause of action is granted

The last remaining federal claim in the complaint is the twelfth cause of action for various RESPA violations against ING Bank and Citibank.  Plaintiffs claim that Defendants violated 12 U.S.C. Sections 2607 and 2608.  The Moving Defendants argue that the claim is time-barred. RESPA provides a one-year statute of limitations for section 2607 and 2608 claims, which begins to run on "the date of the occurrence of the violation."  12 U.S.C. § 2614.  "The date of the occurrence" is interpreted to refer to the closing.  *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003).  This argument is rejected for the same reasons it was rejected with respect to the eleventh cause of action.  The Moving Defendants also argue that the claim is not sufficiently alleged, because Plaintiffs do not indicate which Defendant violated the statute. Accordingly, the twelfth cause of action is dismissed for the same reasons the eleventh cause of action was dismissed.

Based on the foregoing, the Moving Defendants' motion with respect to the eleventh and twelfth causes of action, the only remaining federal claims, is **GRANTED**.  Because the
/ / / / /

complaint is equally vague as to each applicable Defendant, the grounds for dismissal discussed above apply with equal force to Citibank.

Having granted the Moving Defendants' motion with respect to the federal claims, the court must next consider whether Plaintiffs should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. The court notes that to the extent the twelfth cause of action is based on 12 U.S.C. Section 2608, it could not be amended. The statute refers only to sellers of property. Plaintiffs do not allege that any of the Defendants sold them the Property, but state that the transactions at issue collectively were a refinance rather than a purchase. (Compl. at 2.) Accordingly, to the extent the twelfth cause of action is based in section 2608, it is **DISMISSED WITH PREJUDICE**. In other respects, it appears that Plaintiffs may be able to provide the requisite specificity with respect to the eleventh and twelfth causes of action. Accordingly, they are **DISMISSED WITH LEAVE TO AMEND**.

As no federal claims remain in this action, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Should Plaintiffs choose to file an amended complaint, they may re-allege these claims. Because Plaintiffs have indicated that they can amend them in response to the Moving Defendants' arguments presented in their motions, to the extent they choose to re-allege them, they must do so.

The Moving Defendants' motion to strike punitive damages pursuant to Federal Rule of Civil Procedure 12(f), which is based on the argument that Plaintiffs cannot state any claim to support such relief, is **DENIED WITHOUT PREJUDICE**.

Last, the Moving Defendants filed a motion to expunge *lis pendens*. "[T]he court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31; *see also Id.* § 405.5 & 28 U.S.C. § 1964 (state law *lis pendens* provisions apply in federal court). The Moving Defendants concede that at least the fifth cause of action seeking declaratory relief and the sixth cause of action to quiet title could conceivably constitute real property claims. (Defs.' Mem. of P.&A. at 5.) Because Plaintiffs have been granted leave to re-allege and amend these state law claims, the Moving Defendants' motion to expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

Accordingly, it is hereby **ORDERED** as follows:

1. The Moving Defendants' motion to dismiss is **GRANTED**. The seventh, eighth, ninth, thirteenth, fifteenth and sixteenth causes of action are **DISMISSED WITH PREJUDICE** based on Plaintiffs' concession. For the reasons stated above, the eleventh cause of action is **DISMISSED WITH LEAVE TO AMEND**. The twelfth cause of action is dismissed **WITH PREJUDICE** to the extent it is based on violations of 12 U.S.C. Section 2608 and **WITH LEAVE TO AMEND** in all other respects. The remaining state law causes of action , *i.e.*, the first, second, third, fourth, fifth, sixth, tenth and fourteenth causes of action, are **DISMISSED WITHOUT PREJUDICE**. Should Plaintiffs choose to file an amended complaint, they may re-allege these remaining state law claims. If they do so, however, they must amend them to address the arguments in the Moving Defendants' motions to dismiss, strike and expunge *lis pendens*.

2. The Moving Defendants' motion to strike is **DENIED WITHOUT PREJUDICE**.

3. The Moving Defendants' motion to expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

/ / / / /

/ / / / /

4. If Plaintiffs choose to file an amended complaint, they must do so no later than **July 19, 2010**. Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

DATED: July 12, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL